IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JERRY WALTERS #R5149                                                          PETITIONER

VERSUS                                                CIVIL ACTION NO.  2:04cv320-KS-RHW

RONALD KING and JIM HOOD                                              RESPONDENTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

BEFORE THE COURT are [1] the Application of Jerry Walters for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed September 23, 2004 and [12] the motion to dismiss filed by Respondents February 25, 2005.  Having considered the pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, it is the opinion of the undersigned U.S. Magistrate Judge that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied.

## FACTS AND PROCEDURAL HISTORY

On May 1, 1998, a Forrest County Circuit Court jury found Petitioner Jerry Walters guilty of murder, for which, on June 3, 1998, the trial court sentenced him to serve life imprisonment in custody of the Mississippi Department of Corrections.  Walters appealed, raising as error:

(1)     Whether the evidence is sufficient to support a conviction of murder; whether defendant was in a place he had a right to be and had reason to believe it was necessary to act in self-defense.

(2)     Whether the trial court erred in deleting part of defendant's jury instructions.

The Mississippi Court of Appeals affirmed on September 19, 2000, and denied Walters' motion for rehearing December 12, 2000.  *Walters v. State*, 772 So.2d 1072  (Miss. App. 2000). The Mississippi Supreme Court denied certiorari April 12, 2001.  The records of the Mississippi Supreme Court Clerk's office and the docket of the United States Supreme Court do not reflect

that Walters filed a petition for writ of certiorari to the U.S. Supreme Court. Walters filed a motion for leave to file a post-conviction motion in the trial court on December 15, 2003, asserting he was denied effective assistance of counsel, without setting out any facts to support the conclusory allegation. The Mississippi Supreme Court denied the motion July 19, 2004, stating:

> After due consideration of the pleadings and the appeal record the panel finds that the standard of *Strickland v. Washington*, 466 U.S. 668 (1984), has not been met, and the Application to Proceed into the Circuit Court of Forrest County with Motion to Vacate Conviction should be denied.

On September 23, 2004, Walters filed the instant petition for federal habeas review, asserting four grounds:

(1) ineffective assistance of counsel at trial and on direct appeal;

(2) error in trial court's deleting part of Walters' jury instruction 1;

(3) insufficient evidence to support a murder conviction; and

(4) The AEDPA one-year limitation period for filing federal habeas corpus should be equitably tolled because of a state created impediment.

## DISCUSSION

The limitations period for a prisoner incarcerated under a state court judgment is set out in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year priod of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the concusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Unless the narrow exceptions of § 2244(d)(1)(B - D) apply, Walters was required, under the AEDPA, to file his federal habeas corpus petition within one year of the date his judgment of conviction became final, subject to tolling when a properly filed motion for post-conviction relief is pending in state court. See, *e.g.*, *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F. 3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 199, n. 1 (5th Cir. 1998). Since Walters filed no petition for certiorari to the U.S. Supreme Court, his judgment became final July 11, 2001, ninety 90 days after the April 12, 2001 final decision in state court. See *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); see also, *Bell v. Maryland*, 378 U.S. 226, 232 (1964)(requiring the Court to consider the time during which petitioner could file a petition for writ of certiorari to the Supreme Court in calculating the date on which judgment becomes final). Therefore, unless Walters filed a "properly filed" application for post-conviction relief on or before July 11, 2002 to toll the limitations period, his habeas petition filed on September 23, 2004 would be time-barred. See *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Since Walters filed no application for post-conviction relief until December 15, 2003, the

tolling provision of 28 U.S.C. § 2244(d)(2) does not apply to his case, and his petition was untimely filed.

Walters claims he was impeded from filing his state post-conviction motion because prison authorities confiscated his legal materials[1] when he was transferred from the Mississippi State Penitentiary to South Mississippi Correctional Institution (SMCI) on May 10, 2001, and that he is therefore entitled to equitable tolling of the limitations period under § 2244(d)(1)(B). According to Walters, prison authorities told him the legal materials he had were too voluminous for him to keep. He had his wife pick up the materials and take them home so they would not be destroyed. He further contends that his wife attempted for two years to have the materials returned to him; that she tried to hire lawyers to accomplish this, but could not afford their fees; and that it was not until August 6, 2003 that, with a lawyer's assistance, she succeeded in having his legal materials returned to him. Walters claims that without the materials, he was unable to prepare his state post-conviction motion or commence the instant habeas action.

The undersigned finds that there was no "state created impediment" as contemplated by § 2244(d)(1)(B). "In order to invoke § 2244(d)(1)(B), the prisoner must show that (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The Mississippi Department of Corrections has a written policy which limits the amount of legal papers an inmate may possess within his cell (a maximum of three legal files not to exceed six inches in thickness) and in storage (files not to exceed the dimensions of a cardboard "Bankers Box" (approximate measurement L 24" x W 15" x H 10 1/2")) at the correctional facility. The prison policy allows a

---

[1]Trial transcript, clerk's papers, and briefs.

prisoner to swap files in his possession with those in storage.  The Court finds nothing inherently wrong with such regulations, nor does it find that such regulations unconstitutionally impeded Walters' efforts to timely file a habeas petition.

Respondents persuasively urge that rather than send his entire file home with his wife, Walters could have pared down his legal documents to meet the "Bankers Box" guidelines, and swapped out materials as necessary.  If Walters believed officials had confiscated his materials in violation of prison policy, he could have filed a grievance through the prison Administrative Remedy Program (ARP).  Additionally, Walters could have sought assistance through the Inmate Legal Assistance Program (ILAP) to gain access to his confiscated materials or to have his trial transcript ordered from the Mississippi Supreme Court Clerk's Office.  Walters did none of these things.

The affidavit of the Director of the  ILAP program at SMCI establishes that Walters never requested any assistance from the ILAP office in gaining access to his records.  Attached to her affidavit is documentation showing the assistance and information Walters has requested from ILAP at SMCI.  The records reflect only these dates and requests for legal assistance from Walters' arrival at SMCI until expiration of the 1-year limitations period on July 11, 2002.

| | |
|---|---|
| October 31, 2001 | Copies of three Mississippi Supreme Court cases, criminal rules of court, Miss. Code Ann. § 97-3-19; supplies (pen, paper, envelopes); and a conference for clarification of "What the sentence for murder is.  My sentencing order says term of life.  What does that mean in years (crime happened in 1997)" |
| November 6, 2001 | Conference for clarification of "What the sentence for murder is.  My sentencing order says term of life.  What does that mean in years (crime happened in 1997)"; three additional Mississippi cases; statutes §§ 97-3-15 through 97-3-19; and supplies (pen, paper, envelopes) |

      January 23, 2002        Supplies; three additional Mississippi cases.

      May 9, 2002        Conference because "I need H.H. 'Tracy' Klein III attorney at laws address. He has a office in Hattiesburg, MS"; supplies; copy of one Mississippi case.

      June 10, 2002        "Copy of 'American Disability Act'; copy of Disability Release Rule;" and packet on post conviction collateral relief, first step.

Every one of the legal assistance forms Walters filled out has lines one may check to request a packet on post-conviction collateral relief or for "28 U.S.C.A. 2254 Habeas Corpus Form (Northern or Southern District)." June 10, 2002 was the first time Walters ever checked to request a post-conviction packet. He never checked the line to request a habeas corpus form.

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Equitable tolling is not favored, and is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). This Court finds no such rare and exceptional circumstances to justify application of equitable tolling in this case, particularly in light of Walters' own failure to seek assistance through appropriate prison programs such as ARP or ILAP to recover the legal materials he claims were essential to his timely filing of a post-conviction motion and the instant petition. The Court finds that the fact that Walters' wife may have been unsuccessfully trying to have his legal materials returned to him would not serve to relieve Walters of any responsibility to try to help himself through

6

available programs. Furthermore, the Court notes that Walters' post-conviction motion, filed over four months after he regained possession of his legal materials, belies his claim that the materials were essential to his being able to proceed. Walters sets forth no facts in his post-conviction motion, but merely makes a conclusory allegation that he was denied effective assistance of counsel. Nothing indicates Walters has been "actively misled" or "prevented in some extraordinary way from asserting his rights." The undersigned finds that Walters has failed to meet his burden of showing any entitlement to equitable tolling of the limitations period, and that his September 23, 2004 petition for writ of habeas corpus, filed over two years too late, should be dismissed.

## NEED FOR AN EVIDENTIARY HEARING

When, as here, a petitioner for relief under Title 28 U.S.C. § 2254 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *See U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). Accordingly, Petitioner's claims in this case do not merit an evidentiary hearing.

## RECOMMENDATION

Having considered the Petition, Respondent's answer, the record, and the relevant legal authority, the undersigned recommends that [12] the motion to dismiss be granted and that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** for failure to timely file.

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court.  Additionally, a party's failure to file  written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed **factual findings and legal conclusions** accepted by the district court.  *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 7th day of March, 2006.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE