IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JERRY WALTERS, #R5149

VS.                                        CIVIL ACTION NO. 2:04cv320-KS-RHW

RONALD KING AND
JIM HOOD

ORDER

This cause is before the Court on Motion to Dismiss pursuant to Section 2244(d) filed by Ronald King and Jim Hood, response thereto filed by Jerry Walters, Proposed Finding of Fact and Recommendations of Honorable Robert H. Walker, United States Magistrate Judge, filed herein on March 7, 2006, objections to Magistrate's Report and Recommendations filed by Jerry Walters, and the Court after considering all of the above and reviewing relevant legal authorities, is of the opinion that the Court should accept the Magistrate Judge's recommendation and **dismiss** the petition with prejudice.

PROCEDURAL HISTORY

On May 1, 1998, the Petitioner, Jerry Walters (hereinafter "Walters") was convicted of murder. The conviction was affirmed on September 19, 2000, and Motion for Rehearing denied December 12, 2000. *Walters v. State*, 772 So.2d 1072 (Miss. App. 2000). The Mississippi Supreme Court denied certiorari April 12, 2001. No petition for *Writ of Certiorari* was filed to the United States Supreme Court and both sides agree that the judgment of conviction became final July 11, 2001. On September 23, 2004, Walters filed the instant petition for federal habeas review. Recognizing that the petition was filed out of date, Walters requested that the AEDPA

1

one year limitation period for filing federal habeas be equitably tolled because of a state created impediment.

## DISCUSSION

The limitations period for a prisoner incarcerated under a state court judgment is set out in 28 U.S.C. § 2244(d), which provides:

(1) A one year period of limitations shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court.

Limitation period shall run from the latest of -

A. The date of which a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

B. The date on which the impediment for filing an application created by a state action in violation of the constitutional laws of the United States is removed, if applicant was prevented from filing by such state action;....

(2) The time during which a properly filed application for state post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Unless Walters falls within the narrow exceptions of § 2244(d)(1)(B), then his petition is clearly barred under the AEDPA. Walters did file an application for post conviction relief in state court on December 15, 2003, tolling the provisions of 28 U.S.C. § 2244(d)(2), but this would be of no affect unless Walters is found to have had the one year limitation "equitably tolled." The one year period for timely filing the application for Writ of Habeas Corpus would be July 11, 2002. *See Flanagan v. Johnson*, 154 F. 3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*,

158 F. 3d 806 (5th Cir. 1998).

Walters claims that he was impeded from filing his state post conviction motion because prison authorities confiscated his legal materials when he was transferred from the Mississippi State Penitentiary to South Mississippi Correctional Institution on May 10, 2001, and that he is therefore entitled to equitable tolling of the limitations period as above stated. Walters' materials were not actually confiscated but he was told that they would be unless he had his wife pick up the materials, which he did. His position is that he attempted for two years to have the materials returned to him and could not get it done.

Equitable tolling of the one year statute of limitations applicable to federal habeas corpus petitions is only allowed in extraordinary circumstances that would have prevented him from filing his Writ of Habeas Corpus in a timely manner. *Spencer v. Snyder*, (D. Del. 2002), 2002 WL 1774234 *Lewis v. Walsh,* SDNY 2003, 2003 WL 21729840.

The burden is on Walters to establish that he was prevented by state action in violation of the constitution for equitable tolling to apply. *McKinny v. Herbert*, EDNY 2003, 2003 WL 23198872. In Walters' case his wife kept the materials for two years before getting them back to him. While there was a prison rule that prevented him from having large volumes of material, there was a written policy of the Mississippi Department of Corrections that allowed him to have a maximum of three legal files, not to exceed six inches in thickness in his cell with him, and in storage to have files not to exceed the dimensions of a cardboard "Bankers Box" (approximate measurement L24 inches x W15 inches x H10 ½ inches) at the correctional facility. The prison policy allowed prisoners to swap the files in possession with the ones in storage.

Throughout the time in question Walters did not request any of the materials to be stored

or swapped out. He did not file a grievance through the Administrative Remedy Program, nor did he seek the assistance of the Inmate Legal Assistance Program.  The director of the programs stated in an affidavit that while Walters made requests for assistance from the Inmate Legal Assistance Program, he never requested the packet for a federal habeas corpus form.  Each time Walters would request assistance there was a form filled out which included a line where he could have requested same.

## EXTRA ORDINARY CIRCUMSTANCES

Walters has simply failed to establish any extraordinary circumstances that prevented him from filing his Writ of Habeas Corpus in a timely manner.  Walters claims that "extra- ordinary circumstances prevented him from filing his habeas petition in a timely fashion." He argues that his inability to possess his files and transcript prevented him from timely complying and that his inability to have access to the files was created by state actions.  Petitioner ignores the prison policy that allowed access.  See *Gillyard v. Herbert*, 2003 WL 194692 and *Pidella v. United States*, 2002 WL 31571733.  Walters fails to establish extraordinary circumstances.

## REASONABLE DILIGENCE

Walters cannot show that he was reasonably diligent during the limitations period.  He had ample opportunities to request assistance and, in fact, did request assistance, but not relating to the filing of his federal habeas petition until after the time had expired.

## CONCLUSION

Walters has demonstrated no basis for relief under 28 U.S.C. 2254. This Court has conducted an independent review as required by 28 U.S.C. § 636(b)(1) and this Court finds that the objections of Walters lack merit and that this Court accepts, approves and adopts the

Magistrate Judge's Factual Findings and Legal Conclusions contained in the Findings of Fact and Recommendations.

Accordingly, it is hereby ordered that the United States Magistrate Judge Robert H. Walker's Findings of Fact and Recommendations as to equitable tolling are accepted pursuant to 28 U.S.C. § 636(b)(1) and that Walters petition is **dismissed** with prejudice.

SO ORDERED on this, the 13th day of June, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE